LEWIS J. COOK, PLAINTIFF-RESPONDENT, v. D. FULLERTON & COMPANY, DEFENDANT-APPELLANT.

Submitted May 27, 1938—Decided September 16, 1938.

For the respondent, *J. W. & E. A. De Yoe (John J. Bres-lin, Jr.,* of counsel).

For the appellant, *Jerome Alper (George H. Rosenstein,* of counsel).

The opinion of the court was delivered by

WALKER, J. The appellant appeals a judgment entered in the Supreme Court on a verdict of a jury after trial at the Bergen Circuit, and urges the following points:

1. There was no legal evidence to support said verdict, and

2. The trial court erred in permitting respondent to testify concerning transactions and conversations with the deceased president of appellant corporation.

An examination of the record shows, the defendant below and the appellant here, did not move for a nonsuit or directed verdict, and an exception was not taken to any part of the judge's charge.

The question of the legal sufficiency of the evidence should have been raised before the court below, and an exception taken to an adverse ruling deemed to be erroneous and the ruling raised on appeal by assigning it for error. *Kargman et al.* v. *Carlo,* 85 *N. J. L.* 632; *Corby* v. *Ward,* 112 *Id.* 489. There is, therefore, no judicial action to be reviewed under point one (*Greenblatt Coal Co.* v. *Jacobs,* 12 *N. J. Mis. R.* 175) but, it will help appellant to know the evidence presented a fact question properly submitted to the jury.

The grounds of appeal are further deficient; they do not technically comply with the well settled requirement that in case of rulings on evidence, the questions or answers objected to and ruled upon by the trial judge should be specifically pointed out (*Booth* v. *Keegan,* 108 *N. J. L.* 538; *Ciccone* v. *The Colonial Life Insurance Co.,* 110 *Id.* 276), and, although not properly before us, point No. 2 is of sufficient importance to say: Section 4 of the Evidence act (Revision of 1937, 2:97-2) does not go so far as to prevent the plaintiff below and respondent herein from testifying to transactions with the deceased president of the defendant corporation. The

section, as amended in 1931, applies to a lunatic suing or defending by guardian, or a party suing or being sued in a representative capacity. The deceased president of the appellant corporation is not suing or being sued in a representative capacity, he is not a party to this suit, and even though said amendment of 1931 brings in officers and employes of a corporation, it does so only when those corporations are parties in a representative capacity—which is not this case.

The argument that to permit the plaintiff below to testify to transactions with a deceased officer of the defendant corporation, works a hardship upon the corporation, is answered by the decision of this court in *Rairdon* v. *Sampson,* 67 *N. J. L.* 346, where the court, in referring to the statute as it was in 1900, said, "This court has always construed the act, out of which the present statute has grown, rigorously by its precise letter, and has refused to extend its terms so as to reach a presumed equity or avoid an apparent injustice."

A further argument against the construction which the appellant urges is, the officers and directors of the defendant corporation would be qualified to testify to transactions with, and statements by the plaintiff herein if he had been the one who departed this life. *New Jersey Trust and Safe Deposit Co.* v. *Camden Safe Deposit and Trust Co.,* 58 *N. J. L.* 196, and *McArdle Real Estate Co., Inc.,* v. *McGowan,* 109 *N. J. L.* 595, and 12 *N. J. Mis. R.* 500.

The judgment under review will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TREN-CHARD, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, WALKER, JJ. 16.

*For reversal*—None.